IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

STEVE ROBERTSON and GENESPAGE,
INC.  PLAINTIFFS

VS. CIVIL ACTION NO. 1:25-CV-63-MPM-DAS

GREY VENTURES, LLC; JOHN DOE 1
a.k.a. CHRISTIAN ANDERS; JOHN DOE 2
a.k.a. DAVE RICHARDSON; and JOHN
DOES 3-10  DEFENDANTS

**ORDER**

This cause comes before the court on the motions of defendants Grey Ventures, LLC ("Grey") *et al*, pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6), to dismiss this action for lack of personal jurisdiction or, alternatively for failure to state a claim. Plaintiffs Steve Robertson and Genespage, Inc. have responded to the motion by filing their own motion to voluntarily dismiss this action without prejudice. The court, having considered the memoranda and submissions of the parties, is prepared to rule.

This is a copyright action arising out of allegations that defendant Grey violated the intellectual property rights of plaintiffs' Mississippi State athletics internet fansite ("Genespage") by reproducing its content without permission. Grey is likewise engaged in the business of producing internet sites for the fans of various college sports teams, although it concedes that it does so in a much more wholesale and passive manner than actual content-producing sites such as Genespage. Specifically, Grey describes itself as "independently maintain[ing] roughly 200 unofficial fan pages on Facebook.com for fans of major U.S. professional and college sports

1

teams across the country, including fans of the major sports teams of Mississippi State University ("MSU")." [Motion to dismiss at 4].

In its briefing, Grey describes its method of producing content for its numerous fan pages as "primarily automated," writing that:

> Because Grey Ventures maintains a large number of Facebook pages, the administration of the pages is primarily automated. *Id.* The selection and posting of links to relevant news is primarily an automated function and, in the case of the hyperlink on which Plaintiffs base their claims against Grey Ventures, the hyperlink was posted as part of this automated process. *Id.*

[Brief at 5]. Rather strikingly, Grey concedes in its briefing that two of the individual defendants named in this lawsuit, who were ostensibly its employees, do not actually exist. Specifically, Grey writes that:

> The defendants identified in the Complaint as site administrators JOHN DOE 1 a.k.a. Christian Anders and JOHN DOE 2 a.k.a. Dave Richardson are fictitious alter egos of Grey Ventures. *Id.* ¶ 5.2

*Id.* This court notes that Grey's MSU fanpage is called the "MSU Sports Fan HQ page" and defendant describes it as "provid[ing] weblinks to news of interest to fans of major MSU sports teams." *Id.* at 5.

In responding substantively to plaintiffs' copyright infringement allegations, Grey asserts that it removed an allegedly offending hyperlink "in early April 2025, shortly after Grey Ventures received notice of this lawsuit" and that, in any event, plaintiffs failed to "plead the statutory prerequisite of copyright registration." *Id.* at 1. For their part, plaintiffs appear to tacitly concede that they did not follow the proper procedural pre-requisites for filing a copyright action since, as quoted below, they seek permission to voluntarily dismiss this lawsuit and file a new one "with proper copyright certification." [Motion for voluntary dismissal at 1].

2

For its part, this court will focus first on the jurisdictional issues in this case before it considers any issues touching upon its substantive merit.  In choosing to address the jurisdictional issues in this case first, this court is following well-settled precedent that courts should first consider whether they have jurisdiction over a case before considering its merits. *See e.g. Intera Corp. v. Henderson*, 428 F.3d 605, 621 (6th Cir. 2005)(writing that "if a court does not have jurisdiction over a matter, it cannot properly reach the merits of the case.").  In this vein, this court notes that defendants write in their brief in support of their motion to dismiss that:

> [t]his Court lacks personal jurisdiction over Grey Ventures. Grey Ventures is a Colorado limited liability company and lacks any of the hallmark contacts with Mississippi that would satisfy Mississippi's long-arm statute or due process. Plaintiffs' threadbare jurisdictional allegations fall well short of the threshold required to show that either general or specific jurisdiction exists over Grey Ventures.

[Brief at 1].  Later in their brief, defendants write that:

> Grey Ventures is and at all relevant times has been a Colorado limited liability company located in Colorado Springs, Colorado. See Exh. 1, Declaration of Steven R. Shideler ("SRS Decl.") at ¶¶ 3-4. All of Grey Ventures' members reside in Colorado and none maintain any residence in Mississippi. Id. ¶ 6. Grey Ventures is not registered to do business in Mississippi, does not have any facilities in Mississippi, does not have any offices in Mississippi, does not maintain any mailing addresses in Mississippi, does not own any property in Mississippi, does not rent any property in Mississippi, does not have any bank accounts in Mississippi, does not have any employees in Mississippi, and does not maintain any agents in Mississippi. Id. ¶¶ 7-15.
> Grey Ventures independently maintains roughly 200 unofficial fan pages on Facebook.com for fans of major U.S. professional and college sports teams across the country, including fans of the major sports teams of Mississippi State University ("MSU").

[Brief at 3-4].

Defendants further argue that personal jurisdiction over this case does not exist under Mississippi's long-arm statute, writing that:

3

> Mississippi's long-arm statute states that a court can exercise personal jurisdiction over a non-resident who: (1) makes a contract with a resident to be performed in whole or in part by any party in Mississippi; (2) commits a tort in whole or in part in Mississippi against a resident or nonresident; or (3) does any business or performs "any character of work or service in this state." Miss. Code Ann. § 13-3-57 (1991).
> In this case, Mississippi's long-arm statute is not satisfied. Plaintiffs have failed to plead any facts demonstrating or suggesting that Grey Ventures has entered into any contract with Plaintiffs, and therefore the first condition is not satisfied. To establish the "contract" prong of the Mississippi long-arm statute, the plaintiff must show that the nonresident defendant entered into a contract with the plaintiff which has been, or is to be, performed, at least in part, in Mississippi. *See Durham v. Katzman*, 375 F. Supp. 2d 495, 497 (S.D. Miss. 2005) (citing *Miller v. Glendale Equipment & Supply Co.*, 344 So.2d 736, 738 (Miss. 1977)).
> The second prong also does not apply here, as this case involves allegations of copyright infringement, and no aspect of the alleged conduct giving rise to any element of the claim occurred in Mississippi. Facebook (Meta Platforms, Inc.), where the hyperlinks at issue were allegedly posted, is located in California, not Mississippi, and Grey Ventures is located in Colorado.
> The third prong is not satisfied because Grey Ventures does not do business or perform any character of work in Mississippi, much less any business or work with a cognizable nexus to Plaintiffs' claims. *See Madison v. Revlon, Inc.*, 789 F. Supp. 758, 760 (S.D. Miss. 1991) (citing *Cycles, Ltd. v. W.J. Digby, Inc.*, 889 F.2d 612, 620 (5th Cir. 1989)).

[Brief at 7].

Clearly, these are quite substantial arguments that personal jurisdiction is lacking in this case, and, in order to rebut those arguments, it was incumbent upon plaintiffs to provide their own substantial arguments that Grey is, in fact, subject to personal jurisdiction in this state. Plaintiffs have failed to do so. Indeed, as noted above, plaintiffs did not file a substantive response to defendants' motion to dismiss, instead filing their own motion for *voluntary* dismissal. In that motion, plaintiffs concede that this case should be dismissed, but they argue that "[b]oth parties agree that the case should be dismissed; the only question is whether such dismissal should be without prejudice so that Plaintiff may refile the action in a proper venue and with proper copyright certification." [Motion for voluntary dismissal at 1]. Later in their motion, plaintiffs write that "although plaintiffs contend [that] defendants' personal jurisdiction

4

and venue defenses are without merit, plaintiffs can address defendants' concerns about personal jurisdiction and venue by refiling in a different forum." [Brief at 4].

In the court's view, plaintiffs' motion for voluntary dismissal is, for all practical purposes, a concession that defendants' motion to dismiss for lack of personal jurisdiction is meritorious, notwithstanding their bare assertion that they "contend [that] defendants' personal jurisdiction and venue defenses are without merit." *Id.* Clearly, it was incumbent upon plaintiffs to respond to the specific jurisdictional arguments raised by defendants with more than a conclusory denial that those arguments have merit, and, having failed to do so, they are not in a position to avoid a granting of defendants' motion to dismiss for lack of jurisdiction by framing the dismissal as a "voluntary" one. Indeed, if plaintiffs had wished to voluntarily dismiss this action, then they should have done so before defendant went to the expense of filing a motion to dismiss which plaintiffs have all but acknowledged to be meritorious. In so concluding, this court notes that Grey has submitted an April 30, 2025 letter from its counsel to plaintiffs in which it raised the same objections set forth in its motion to dismiss. [Docket entry 14-2]. This court concludes that, since plaintiffs now agree that this action should be dismissed, they should have voluntarily done so before defendant was forced to file a motion to dismiss.

In light of the foregoing, this court will grant defendants' motion to dismiss this action for lack of personal jurisdiction, but it will deny their request that attorneys' fees be awarded. This court's decision not to award such fees is based partly upon its conclusion that, considering defendants' own arguments in their motion to dismiss, it appears that they have taken steps to give the impression that they have a substantial footprint in Mississippi, most notably by running an unofficial fanpage for Mississippi State athletics. In the court's view, this is an undertaking which typically results in very extensive contacts with the forum state, such as through the hiring

5

of local reporters who are fans of the team. Moreover, this court can discern a certain degree of dodginess in defendants' admission, quoted above, that the "Christian Anders" and "Dave Richardson" listed in the complaint as defendants are "fictitious alter egos" of Grey Ventures and that the "selection and posting of links to relevant news is primarily an automated function." *Id.*

In the court's view, using non-existent humans' names as a front for an automated internet fan page is an act which seems calculated to give the false impression that there are actual individuals hard at work on the website and that they might well have engaged in activities sufficient to give rise to personal jurisdiction in the home state of a particular university. In so stating, this court does not seek to completely excuse plaintiffs' failure to more extensively inquire into the nature of defendants' business model before filing suit. Still, this court believes that a company such as Grey which chooses to engage in the business practices described above should not be shocked when it finds itself a defendant in copyright lawsuits filed in various jurisdictions. Even in such cases, defendant is entitled to raise any personal jurisdiction defenses which it might have, and this court has found its jurisdictional arguments in this case to be essentially uncontested. Still, given Grey's business model, this court is rather strongly disinclined to award it attorneys' fees in a case where particular plaintiffs seem to have believed the impression which Grey was apparently trying to give, namely that of a non-automated business run by actual human beings. Under these circumstances, this court regards it as understandable (or at the very least non-sanctionable) that plaintiffs would have assumed that, in the course of running a website devoted to Mississippi State sports, Grey would have developed minimum contacts with the state of Mississippi.

Once again, plaintiffs have offered no substantive arguments contesting defendants' contention that the requirements of federal and state law do not support a finding of personal

jurisdiction over Grey in this state, and, that being the case, this case is due to be dismissed. Having said that, this court agrees with plaintiffs that this dismissal should be without prejudice to its refiling in a jurisdiction where Grey is, in fact, subject to personal jurisdiction. Indeed, the Sixth Circuit Court of Appeals held in a similar case that:

> Although Tennessee courts lack personal jurisdiction over Defendants Henderson and Englar, this does not lead to the inexorable conclusion that no court has personal jurisdiction over these defendants. Furthermore, upon a determination that personal jurisdiction is lacking, a court should not dismiss a case on the merits, especially when it appears that another court with appropriate jurisdiction may resolve the issues between the parties.

*Intera*, 428 F.3d at 621. *See also Moore v. Marshal*, 2020 WL 1131144, at *1 (S.D. Ala. Mar. 9, 2020)(holding that "a dismissal for lack of personal jurisdiction is generally a dismissal without prejudice."). Thus, while this court concludes that plaintiffs have conceded Grey's argument that it is not subject to personal jurisdiction in Mississippi, nothing in this order is intended to prevent them from refiling suit in a jurisdiction in which defendant is, in fact, subject to personal jurisdiction.

It is therefore ordered that defendants' motion to dismiss is granted, and this case is hereby dismissed without prejudice. Plaintiffs' motion to voluntarily dismiss this action is denied.

A separate judgment will be entered this date, pursuant to Fed. R. Civ. P. 58.

This, the 7th day of October, 2025.

    /s/ Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI